UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13248-RWZ

WARREN E. AGIN, ESQ.,
in his capacity as Chapter 76 Trustee
for the bankruptcy estate of DAVID W. GARANT

v.

THERESA PLAMONDON, WILLIAM PLAMONDON, ALBERT PIVA,
CHRISTOPHER M. MELLO, FERNANDO A. GONCALVES, SCOTT N. DAVIS,
JAMES ROBERTS, MATTHEW P. HOLDEN, GARY CAMBRA,
and THE TOWN OF WESTPORT

MEMORANDUM OF DECISION

October 27, 2014

ZOBEL, D.J.

Plaintiff Warren E. Agin, in his capacity as Chapter 7 trustee for the bankruptcy for the estate of David W. Garant, sued defendants Theresa Plamondon, William Plamondon, Albert Piva, police officers Gary Cambra, Scott N. Davis, Fernando A. Goncalves, Matthew P. Holden, Christopher M. Mello, James Roberts (the police officer defendants), and the Town of Westport, for damages under 42 U.S.C. § 1983 and various state law causes of action. The Town and police officer defendants have moved for dismissal of the claims against them under Fed. R. Civ. P. 12(b)(6). The Plamondon defendants and Mr. Piva have moved to dismiss pursuant to Mass. Gen. L. c. 231 § 59 H and they seek remand of the case to the state court.

## I. Procedural Posture

Plaintiff initially brought this suit against the defendants in the Bristol County Superior Court. The Town and police defendants then removed the case to this court without the consent of all of the defendants, and thus in violation of 28 U.S.C. § 1446 ("all defendants who have been properly joined and served must join in or consent to the removal of the action.")

Failure to gain consent of all defendants prior to removal is a statutory, not a jurisdictional, defect. See Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 13-2070, 2014 WL 4290458 (1st Cir. Sept. 2, 2014) (citing Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (one defendant's failure to consent to removal within 30 days, as required by § 1446(b)(2)(A) & (B), was not fatal to federal court adjudication)). So long as the court has either original or supplemental jurisdiction over a claim, it has power to adjudicate it. This court has original jurisdiction over the federal claim against the Town and police defendants. See 28 U.S.C. § 1447(c). It is in the court's discretion whether to exercise supplemental jurisdiction over the separate and independent state law claims. See 28 U.S.C. § 1441(c)(2).

## II. Motion to Dismiss

In order to survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 52-53 (1st

Cir. 2013).

Plaintiff alleges that during 2012 and 2013 Theresa Plamondon filed a series of false charges against plaintiff in the Fall River District Court which resulted in ex parte restraining orders and criminal complaints. Thereafter, both Plamondon defendants and Piva on several occasions falsely reported to the Westport police department that plaintiff had violated those court orders. Based on these accusations, which sufficiently established probable cause, the police officers named arrested plaintiff each time one of the Plamondon defendants or Piva so alerted the police. All of the prosecutions resulted in verdicts of not guilty by a jury. As for the Town, plaintiff alleges in the broadest terms that the actions of the police officers were taken "pursuant to a custom, policy and/or usage of the Town . . . that officers of the . . . Police Department make warrantless entries upon the curtilage of the homes of persons residing in the Town ...." Compl. ¶ 80.

The complaint may be dismissed against the police officer defendants because they are entitled to qualified immunity, which "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). A police officer sued under § 1983 is entitled to qualified immunity unless it is shown that he or she violated a "clearly established" constitutional or statutory right. Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014).[1] This requires that, at the time of the actions in question, the "contours [of the right] were sufficiently definite that any reasonable official in the defendant's shoes would have understood

---

[1] For all purposes relevant here, the Massachusetts Civil Rights Act ("MCRA") is "coextensive with 42 U.S.C. § 1983." Bell v. Mazza, 394 Mass. 176, 181 (1985).

3

that he was violating [the right]." Id.

There is no clearly established law indicating that an officer may not arrest a citizen on the curtilage of his home when the officer has probable cause for the arrest. In general, "[a]n arrest is lawful if the officer has probable cause." Holder v. Town of Sandown, 585 F.3d 500, 500 (2009).[2] Although it is well established that the Fourth Amendment does not allow warrantless *in-home* arrests absent probable cause and exigent circumstances, see Payton v. New York, 445 U.S. 573, 576 (1980), the rule is only clearly defined as regards *in-home* arrests, not *on-curtilage* arrests.

Defendant cites Florida v. Jardines, 133 S. Ct. 1409 (2013), for the proposition that the curtilage of the home gets the same protections as the home itself. While Jardines states that the curtilage is "part of the home itself for Fourth Amendment purposes," the entirety of Jardines is concerned with searches and the expectation of privacy within the home, not arrests therein. See id. at 1415 ("[A]n officer's leave to gather information is sharply circumscribed when [he enters the home].") Moreover, Jardines is explicit that "a police officer not armed with a warrant may approach a home and knock, precisely because that is 'no more than any private citizen might do.'" Jardines, 133 S. Ct. at 1416 (quoting Kentucky v. King, 131 S. Ct. 1849, 1862 (2011).

Even if the defendants' actions did violate some rule of law, it cannot be said it was a clearly defined one. Arresting Mr. Garant once he stepped outside is far enough removed from using a drug sniffing dog to "search" inside Mr. Jardines' home that reasonable officers would not have been put on notice that their conduct had violated

---

[2] The facts alleged in the complaint were sufficient to establish probable cause.

4

the constitution. As such, the police officer defendants are entitled to qualified immunity, and the claims against them are dismissed.

As to the Town, the complaint must be dismissed for failure to state a claim. "It is not impossible for a municipality to be held liable for the actions of lower-level officers who are themselves entitled to qualified immunity." Joyce v. Town of Tewksbury, Mass., 112 F.3d 19, 23 (1st Cir. 1997) (en banc) (per curiam) (holding city not liable for police officer's entry into third-party's home to pursue suspect without a warrant). But the same reason the officers are entitled to qualified immunity—"that the unsettled state of the law made it reasonable to believe the conduct in this case constitutional"— precludes municipal liability here. Id. The Town "could not have been 'deliberately indifferent' to citizens rights . . . in failing to teach the officers that their conduct was unconstitutional," because it is not clear that their conduct *was* unconstitutional. Id. (quoting Bowen v. City of Manchester, 966 F.2d 13, 18 (1st Cir. 1995)).

## III. Remand

As there are no remaining claims giving rise to original jurisdiction in this court, the court declines to exercise it's supplemental jurisdiction over this matter in light of the remaining defendants' desire to litigate in state court and the plaintiff's original choice of forum. The case is therefore remanded to the Bristol County Superior Court for further proceedings. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline adjudication of lingering state law claims after it has dismissed "all claims over which it has original jurisdiction"); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996) ("In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction

but, rather, sets the stage for an exercise of the court's informed discretion.").

**III. Conclusion**

The Town and police officer defendants' motion to dismiss (Docket # 14) is ALLOWED. Judgment may be entered dismissing the complaint against the police officer defendants and the Town.

It is further ordered that the remaining claims be and hereby are remanded to the Bristol County Superior Court.

October 27, 2014
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE